Filed 2/13/25  P. v. Pilalas CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NICOLE IRENE PILALAS,<br><br>    Defendant and Appellant. | B334255<br><br>(Los Angeles County<br>Super. Ct. No. GA079897) |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Reversed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Marc A. Kohm and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

This appeal involves the summary denial of a petition seeking resentencing pursuant to Penal Code[1] section 1170.91, which provides that a trial court may consider as a mitigating factor in a felony sentencing that the defendant "may be" suffering from certain health conditions "as a result of the defendant's military service." (§1170.91, subd. (a).) The sole basis for the trial court's denial of defendant's petition was that her convictions were the product of a plea agreement. This was error as the parties agree. We thus reverse the order denying the petition and remand for a hearing pursuant to section 1170.91.

Defendant requests this court deem her appeal a petition for writ of habeas corpus to address arguments not encompassed in her notice of appeal. We decline that request because the record and briefing are not adequate to address those arguments. Defendant has forfeited her claim that she is entitled to appointment of counsel in a section 1170.91 proceeding.

## BACKGROUND

1. *Amended information, no contest plea, and sentence*

In 2011, the People charged defendant in an amended information with attempted carjacking, assault with a firearm, possession of a firearm by a felon, and possession of ammunition. With respect to the attempted carjacking, the People further alleged defendant intentionally discharged a firearm. With respect to the assault, the People alleged defendant used a firearm. The People also alleged defendant suffered one prior strike conviction and one prior serious felony conviction.

---

[1] Undesignated statutory citations are to the Penal Code.

2

The trial court's minute order after defendant's no contest plea indicates defendant pleaded no contest to the attempted carjacking. The minute order also indicates defendant admitted to suffering a prior strike and a serious felony prior conviction. According to defendant, the reporter's transcript of defendant's plea has been destroyed.

The trial court sentenced defendant on May 2, 2012 for the attempted carjacking and an unrelated burglary. At the beginning of the sentencing hearing, the trial court stated, "[M]y notes aren't that good—with 12022.53(B), she is to get 10 years— 10 years. I'm going to need help from counsel." The prosecutor responded that the People amended the information to "add a violation of Penal Code section 12022.53(B), which is 10 years." The court then stated, "Yes. My notes indicate what the agreement was as [to] that count 1, the attempted carjacking" and continued by noting that the total sentence for the attempted carjacking, firearm enhancement, and prior strike enhancement was "24 years."

The trial court sentenced defendant to 24 years, consisting of nine years for the attempted carjacking, 10 years for the intentional discharge of a firearm, and five years for the prior serious felony conviction. The court stated, "[D]efendant . . . admitted the [section] 12022.53(B) allegation . . . ." [2] The court also stated defendant had admitted the section 667, subdivision (a)(1) prior strike allegation. The prosecutor observed, "[J]ust for clarification, the strike was admitted, not for purposes of doubling any of the—the counts, but it was admitted

_____

[2] The court's minute order does not show that defendant admitted the section 12022.53, subdivision (b) firearm discharge allegation. On appeal defendant disputes that she did.

for the 667(A)(1) purposes." The court added a 16-month sentence for a burglary unrelated to the attempted carjacking. The court granted the People's motion to dismiss the counts alleging assault, possession of a firearm by a felon, and possession of ammunition.

## 2. *Defendant's request for resentencing under a different statute*

In May 2023, at defendant's request, the trial court amended the information to change the burglary from a felony to a misdemeanor pursuant to section 1170.18.[3] The court granted defendant credit for time served and reduced her sentence by 16 months. Defendant was not present at the resentencing and was not represented by counsel. Respondent asserts defendant did not file a notice of appeal from the May 2023 resentencing.

## 3. *Defendant's second request for resentencing now under section 1170.91*

In July 2023, defendant filed a petition to recall sentencing pursuant to section 1170.91. Defendant asserts she was in the

---

[3] Section 1170.18, subdivision (a) provides: "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in their case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

4

United States Air Force from October 14, 2003 to October 31, 2003. Her "Certificate of Release or Discharge From Active Duty" identifies the reason for separation as a "personality disorder." (Some capitalization omitted.) Defendant asserts she suffers from Bipolar II disorder, anxiety disorder, panic disorder, posttraumatic stress disorder, mood disorder, and substance abuse disorder "as a result of her being in the Air Force and events which transpired."

In her petition to recall sentencing, defendant described the events leading up to her conviction: On March 21, 2010 she and the victim went out on a "first date." According to defendant, she was intoxicated and her judgment was impaired. When the victim "made an advance" defendant thought she would be "raped." Rather than telling him she "was not comfortable" defendant "remember[s]" thinking "a gun would get him off of me." Today she realizes she "was completely wrong for what [she] did. [She] had absolutely no right to own . . . a firearm . . . ."

## 4. *Trial court's order denying resentencing relief*

The trial court found defendant was not eligible for relief under section 1170.91 subdivision (b) because she was sentenced pursuant to a plea agreement. The court did not appoint counsel for defendant or hold a hearing. The court did not consider whether defendant qualified for relief on the merits of her section 1170.91 petition. Defendant's notice of appeal from the denial of her petition for resentencing pursuant to section 1170.91 was not timely. This court, however, ordered that her notice be deemed timely filed.

## DISCUSSION

We agree with the parties that the trial court erred in denying defendant's section 1170.91 petition just because her convictions were the product of a plea agreement. On the other hand, because they are not within the scope of this appeal, we decline to consider defendant's arguments that (1) the trial court handling her first resentencing petition incorrectly calculated her custody credits; and (2) her attempted carjacking sentence was unauthorized. Because she forfeited the argument, we also do not address her claim that she is entitled to appointment of counsel for her section 1170.91 petition.

### A. The Trial Court Erred In Summarily Denying the Petition Merely Because Defendant's Convictions Were the Product of a Plea Agreement

Contrary to the trial court's rational for denying defendant's resentencing petition, a defendant serving a stipulated sentence is not categorically ineligible for resentencing under section 1170.91. (*People v. Harrell* (2023) 95 Cal.App.5th 161, 168.) Section 1170.91, subdivision (a) provides in part: "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the defendant's military service, the court shall consider the circumstance as a factor in mitigation when imposing a sentence." Effective January 1, 2023, the Legislature amended section 1170.91 to permit the trial court to resentence a petitioner who meets the requirements "regardless of whether the original sentence was imposed after a trial or plea."

6

(§ 1170.91; Stats. 2022, ch. 721, § 1.)  *Harrell* concluded that "the Legislature clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91."  (*Harrell*, *supra*, at p. 168.)

The trial court thus erred in denying defendant's section 1170.91 petition.  Our holding is limited to rejecting the only basis the trial court gave for denying defendant's resentencing petition.  Because we reverse the trial court's order, we do not consider defendant's arguments that she met the prima facie requirements of section 1170.91 or under other resentencing statutes, she would be eligible for a reduced sentence.  These are issues the trial court may consider on remand.

**B.**    **We Decline Defendant's Request To Deem Her Appeal a Petition for a Writ of Habeas Corpus To Consider Arguments That Her Attempted Carjacking Sentence Was Unauthorized and That She Is Entitled to Additional Custody Credits**

The appeal before us is only from the order summarily denying defendant's section 1170.91 resentencing petition.  Defendant argues if this court upholds that order, that we should "order the unauthorized sentence reflected in the 2023 abstract of judgment [after her first request for resentencing] corrected, with respect to both the custodial sentence imposed on count 1 [for attempted carjacking] and to the custody credit orders, if necessary, by exercising its discretion and treating the present appeal as a writ."  Defendant's request is moot because her request is conditioned on our "uphold[ing]" the trial court order, which we have not done.

We decline her request to treat the appeal as a writ petition.  This is not a case in which there is no need to develop

7

the record further. As to the above arguments, the record is ambiguous and the briefing inadequate to merit writ relief. (*In re Dohner* (2022) 79 Cal.App.5th 590, 594 [Court of Appeal has discretion to deem appeal petition for writ of habeas corpus where there is no need to further develop record and judicial economy is served].)

Defendant contends the nine-year sentence for attempted carjacking is an unauthorized sentence because she claims she did not admit to that crime as a strike offense. At the sentencing hearing, the prosecutor stated, "[T]he strike was admitted, not for purposes of doubling any of the—the counts, but it was admitted for the 667(a)(1) purposes." In contrast, the trial court's minute order states defendant "admits she suffered a prior strike allegation pursuant to Penal Code section 1170.12(A) thru (D) and 667(B) and a serious felony pursuant to Penal Code section 667(A)(1) . . . ." On appeal, respondent argues appellant cannot "challenge the validity of the attempted carjacking sentence of nine years because she accepted the plea-bargained sentence."

We do not address defendant's argument because it is not encompassed within the scope of this appeal from an order denying a section 1170.91 petition. For the same reason, we do not address defendant's claim that when the trial court resentenced her pursuant to section 1170.18, it erred in not adding additional custody credits. Defendant does not identify the additional custody credits to which she believes she is entitled. Respondent appears to agree that the trial court miscalculated defendant's custody credits at the section 1170.18 resentencing hearing.

8

**C.  Defendant Has Forfeited Her Argument That She Is Entitled to Counsel On Remand of Her Section 1170.91 Petition**

In the conclusion to her opening brief, defendant states, "[T]his Court should order trial counsel be appointed to assist Ms. Pilalas on remand." Defendant cites no legal authority in support of this request. In a footnote, respondent asserts the trial court has discretion to appoint counsel and recommends we do not intervene in the trial court's exercise of that alleged discretion.

Defendant has forfeited her argument by failing to identify it as a legal argument in her opening brief and by failing to cite legal authority in support of it. California Rules of Court, rule 8.204(a)(1)(B) requires that each brief "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority . . . ." An argument unsupported by legal authority is forfeited.[4] (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

---

[4] Although in her reply brief, defendant argues under a separate heading that she is entitled to counsel, appellant may not delay raising a legal argument until her reply brief. (*Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065, fn. 3.) Moreover, even in her reply brief, defendant fails to cite authority supporting that in a section 1170.91 proceeding, the trial court must appoint counsel.

## DISPOSITION

The order denying defendant's Penal Code section 1170.91 petition for resentencing is reversed.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

WEINGART, J.

M. KIM, J.